EDNA BLESER, Respondent, v. VULCAN INSURANCE COMPANY, Appellant.

Third Department, November 15, 1916.

Appeal — when verdict for plaintiff upon question presented to jury at defendant's request conclusive upon the latter — insurance — contract of insurance of automobile against fire construed — automobile used merely as demonstrating car not second-hand.

Where, in an action on a policy of insurance against loss of an automobile by fire, the defendant claimed that the plaintiff in answering the question in her application, "Was the automobile new or second-hand when purchased by present owner?" by stating that it was new when in fact it was a used machine, and by making the same statement under oath in her proofs of loss, violated the provision of the policy that "this entire policy shall be void if the insured or his agent has concealed or misstated in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; * * * or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss or damage," but failed to stand upon its question of law — the proper construction of the language of the contract — and asked to have the jury determine "whether or not the car in question was a new car within the meaning of the contract," a verdict for the plaintiff is conclusive, there having been no legal error in the trial.

An automobile which has been run only a few hundred miles by the agent as a demonstrating car, is not a second-hand machine, so as to render the insured's answer to the question false or fraudulent within the meaning of the policy.

APPEAL by the defendant, Vulcan Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 13th day of March, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*Arthur L. Strasser* and *Walter J. Rose,* for the appellant.

*Loucks & Alexander* [*John Alexander* of counsel], for the respondent.

WOODWARD, J.:

The defendant, on the 3d day of July, 1915, made and delivered a policy of insurance against loss by fire upon the plaintiff's Mitchell automobile in the sum of $1,200. The policy recites that in "consideration of the stipulations herein named and of twelve and $\frac{00}{000}$ dollars premium," the corporation insures the plaintiff against loss by fire on her automobile, which is described in the instrument by its name, the factory number, the type, the motive power, the number of cylinders, the horse power and the year when built. The policy likewise recites that it is "made and accepted subject to the foregoing stipulations and conditions and to the following stipulations and conditions printed on back hereof which are hereby specially referred to and made a part of this policy," etc. On the back of the policy is the provision on which the defendant relies as a defense to the plaintiff's claim, it not being disputed that the machine was destroyed by fire during the life of the policy. The provision referred to is that "this entire policy shall be void if the insured or his agent has concealed or misstated in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; * * * or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss or damage." The defendant refused to pay the amount of the policy on the ground that the plaintiff in answering the question in her application for insurance, "Was the automobile new or second-hand when purchased by present owner?" answered that it was new, when, in fact, it was a used machine; and that she made the same statement under oath in her proofs of loss. This was the principal issue presented on the trial, and there was evidence in the case from which a jury might have found that the automobile had been used as a demonstrating car; that the agent who sold the car to the plaintiff had used it on various occasions to demonstrate to prospective customers, and that he had, perhaps, driven it several hundred miles in such demonstrations; but there was also evidence from the defendant's own agent that the car was examined by him and that it appeared to be a bright, new car; that the shipping coverings

had not been removed from the running-boards at the time the policy was written, and there was no suggestion that the car had been used by any other than the manufacturer's agent, who sold it directly to the plaintiff's husband, who gave the car to her. While it could not be said to be an unused car, it certainly would be an abuse of language and common understanding to say that a car which had merely passed through the hands of an agent of the manufacturer was a second-hand car merely because, in the practical work of selling the car, he had run it a few hundred miles more or less, without apparent diminution of its value for practical purposes.

At the close of the evidence the plaintiff moved for the direction of a verdict in her favor; the defendant moved for the direction of a verdict of nonsuit and for a dismissal of the complaint. The court denied the defendant's motions and granted the motion of the plaintiff for the direction of a verdict in her favor, whereupon defendant's counsel took an exception to the denial of its motions and asked "to go to the jury upon the question of whether or not the car in question was a new car within the meaning of the contract, and the meaning of the policy of insurance, at the time it was sold to the plaintiff," and likewise upon the value of the car, and upon the entire proposition as to whether the contract was not an invalid contract from its inception. The court withdrew its direction in favor of the plaintiff and permitted the questions suggested by the defendant to go to the jury, with the result that the jury returned a verdict for the plaintiff for $1,200, the amount of the policy, and interest.

The defendant having submitted the construction of the policy and the facts to the jury, upon its own request, it is difficult to understand how it is now in a position to urge a reversal of the judgment on the ground that the plaintiff misrepresented the facts. The defendant did not stand upon its question of law — the proper construction of the language of the contract — but asked to have the jury determine "whether or not the car in question was a new car within the meaning of the contract," whether it was a new car as contradistinguished from a second-hand car, and the verdict being for the plaintiff it should be conclusive, in the absence of legal error in the trial.

We find no prejudicial error in the charge of the court as it stood at the time of the submission, nor do we discover any valid reason for disturbing the judgment.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.